FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 7, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARWIN L. TROYER,

Defendant - Appellant.

No. 14-8021
(D.C. No. 2:13-CV-00080-NDF)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

The United States brought this civil action to reduce to judgment the

outstanding federal tax liabilities assessed against Darwin L. Troyer and to foreclose

federal tax liens against his real property located in Cheyenne, Wyoming.  The

district court granted the United States' motion for summary judgment and entered

judgment against Mr. Troyer.  He then filed a motion seeking relief from a void

judgment pursuant to Fed. R. Civ. P. 60(b)(4), which the district court denied.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Troyer filed a motion to reconsider that denial, which the district court also denied. He now appeals pro se from the order denying his motion to reconsider. We affirm the challenged order.

Only the district court's order denying Mr. Troyer's motion to reconsider is before us, as this is the only order from which he appealed. *See* Notice of Appeal, R., Vol. I at 664; Fed. R. App. P. 3(c)(1)(B) (providing that notice of appeal must designate order being appealed). We review the denial of a Fed. R. Civ. P. 59(e) motion to reconsider for an abuse of discretion.[1] We will disturb the district court's exercise of that discretion only if we have a "definite and firm conviction that the [district] court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks omitted).

On appeal, Mr. Troyer contends that the government failed to establish its jurisdiction to assess and collect income taxes on his earnings and to maintain this action against him. He contends the United States government "has no constitutional 'sovereign taxing power' over the income of this Wyoming citizen, domiciled in

---

[1] Technically, "[a] motion for reconsideration [is] not recognized by the Federal Rules of Civil Procedure." *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). This court construes such a motion as filed pursuant to Rule 59(e) or 60(b), depending on the asserted justification for, and timing of, the motion. *Id.* The district court appears to have treated Mr. Troyer's motion as a Rule 59(e) motion, and we will do the same.

Wyoming, with all of this Wyoming citizen's income earned by this Wyoming citizen within the exterior boundaries of Wyoming." Aplt. Opening Br. at 13-14.

The district court denied Mr. Troyer's motion to reconsider because it concluded that his arguments were frivolous. We discern no abuse of discretion in the district court's decision. Accordingly, we affirm.

Entered for the Court


Stephen H. Anderson
Circuit Judge